# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **IMPERATIVE LOGISTICS LLC,** a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**KUBIN-NICHOLSON CORPORATION,** a Wisconsin corporation,<br><br>Defendant. | Case No. 2:26-cv-00078 |

## COMPLAINT

Plaintiff Imperative Logistics LLC ("Imperative"), by its undersigned attorneys Perkins Coie LLP, for its complaint against Defendant Kubin-Nicholson Corporation ("Kubin"), states and alleges:

## OVERVIEW

1. This complaint for breach of contract, unjust enrichment, breach of the implied covenant of good faith and fair dealing, and quantum meruit concerns invoices that Kubin duly owes Imperative for transportation logistics services that Imperative provided to Kubin. There is no dispute that Kubin owes the outstanding amounts.

2. Since approximately May 2025, Kubin has incurred service fees of $361,851.51 owed to Imperative. Imperative invoiced the fees as they became due, and Kubin was obligated to pay those fees within 15 days of the invoices. Those invoices remain unpaid.

3. Imperative respectfully requests that this Court issue an order that (1) Kubin must pay the full outstanding amount of $361,851.51; and (2) Imperative is entitled to interest.

## THE PARTIES

4. Plaintiff Imperative is a limited liability company incorporated in Delaware with its principal place of business in Illinois. The sole member of Imperative is Imperative Logistics Group LLC, a limited liability company incorporated in Delaware with its principal place of business in Oregon. The sole member of Imperative Logistics Group LLC is Imperative Intermediate Holdings, LLC, a limited liability company incorporated in Delaware with its principal place of business in Oregon. The sole member of Imperative Intermediate Holdings, LLC is Imperative Worldwide, LLC, a limited liability company incorporated in Delaware with its principal place of business in Oregon. The sole member of Imperative Worldwide, LLC is LJ Imperative Holdings Inc, which is incorporated in Delaware with its principal place of business in Connecticut. Accordingly, Imperative is a citizen of Delaware and Connecticut for purposes of this Court's diversity jurisdiction. Imperative is a diversified supply chain management company that provides logistics solutions to its customers, handling sensitive, time-definite, and high-value shipments across a wide array of industries.

5. Defendant Kubin is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. Kubin is a citizen of Wisconsin for purposes of this Court's diversity jurisdiction. Kubin operates a printing services company.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because Kubin is subject to personal jurisdiction in this judicial district. Kubin is headquartered in Milwaukee,

Wisconsin, and, as alleged in further detail below, the dispute giving rise to this action arose in this judicial district.

## FACTUAL ALLEGATIONS

8. Imperative offers transportation services that customers may request through its website.

9. Beginning in May 2025, Kubin began requesting and accepting transportation services from Imperative through Imperative's website.

10. Imperative coordinated transportation services from Kubin's location in Milwaukee, Wisconsin, to other locations in Wisconsin and throughout the United States.

11. Imperative sent numerous timely invoices to Kubin for services that Imperative performed for Kubin. Imperative sent the invoices to the address that Kubin provided Imperative.

12. Each invoice specifies the date on which Imperative performed services for Kubin, the type of services performed (for example, "same day" service), a shipping reference number, the items shipped, the dimensions of the items shipped, the locations to and from which Imperative shipped items for Kubin, and the amounts owed by Kubin to Imperative for the services.

13. Under the terms of the invoices, Kubin was obligated to remit payment within 15 days of the date of the invoice. Imperative sent the last invoice in November 2025.

14. Kubin continued to request and accept transportation services from Imperative after receiving invoices from Imperative as described above.

15. Altogether, Kubin has failed to pay invoices totaling $361,851.51 for services provided by Imperative.

16. On December 18, 2025, through counsel, Imperative sent Kubin a demand for all outstanding invoices. Imperative requested payment by January 2, 2026. Kubin did not respond and has not satisfied the outstanding invoices.

## CAUSES OF ACTION

### COUNT 1 – BREACH OF CONTRACT

17. Imperative repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

18. The invoices constitute a contract between the parties. Imperative offered services to Kubin on its website, which Kubin requested. Imperative performed the requested services. Imperative timely invoiced Kubin, and the invoices specified that payment would be due within 15 days. Kubin accepted these terms by continuing to place orders for Imperative's transportation services after receiving the invoices. Together with Kubin's requests for services on Imperative's website, the detailed invoices that Imperative sent to Kubin represent a meeting of the minds as to the services Imperative was performing, the price of those services, and the conditions under which Kubin was to pay Imperative for those services.

19. The invoices constitute a valid and enforceable contract, and Imperative fully performed all of its obligations under the contract.

20. Imperative had a legal right under the contract to be paid within 15 days of the invoice, and Kubin breached the contract by failing to pay invoices within 15 days.

21. Kubin has continued in breach of the contract by failing to render payment after Imperative's demand letter in December 2025.

22. Imperative is entitled to damages caused by Kubin's breach in an amount no less than $361,851.51 to be proven at trial.

### COUNT 2 – UNJUST ENRICHMENT

23. Imperative repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

24. Kubin requested and received transportation services from Imperative. In providing the services, Imperative conferred a valuable benefit on Kubin. Kubin appreciated and knew of this benefit conferred on it because Kubin requested the services, Imperative shipped the goods to the correct locations as Kubin requested, and Imperative sent invoices detailing those services to Kubin to the address Kubin provided Imperative.

25. Kubin continued to request and accept additional services after receiving invoices from Imperative. Kubin received additional notice of the amounts owed and the benefits conferred on Kubin in December 2025, when Imperative sent Kubin a demand letter.

26. Kubin would be unjustly enriched if it is not required to compensate Imperative fully for the services that Kubin received. It is inequitable for Kubin to accept and retain these benefits without paying Imperative.

27. Those benefits are worth no less than $361,851.51, the full amount to be proven at trial.

### COUNT 3 – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

28. Imperative repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

29. The invoices show that there is a valid contract with express, definite, and enforceable terms between Imperative and Kubin.

30. Kubin acted without good faith in the performance of this contract because (a) Kubin has made no attempt to contact Imperative to pay amounts due under the invoices that Imperative has sent Kubin since mid-2025, and (b) Kubin has not responded to Imperative's further communications regarding the invoices, including the demand letter sent on December 18, 2025.

31. Kubin's lack of good faith in the performance of the contract has damaged Imperative in an amount to be proven at trial.

## COUNT 4 – QUANTUM MERUIT

32. Imperative repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

33. There is a contract implied by law between Kubin and Imperative. Kubin requested and received transportation services from Imperative, and Imperative expected reasonable compensation for the transportation services it provided Kubin, as indicated in its invoices.

34. Kubin did not compensate Imperative for the services that Imperative provided Kubin.

35. The reasonable value of the services that Imperative provided Kubin with is no less than $361,851.51, the full amount to be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Imperative respectfully requests that this Court:

A. Find in Imperative's favor and against Kubin;

B. Award damages to Imperative of not less than $361,851.51, the full amount to be proven at trial;

C. Award pre-judgment and post-judgment interest at the highest rates allowed by law;

D. Award all costs of suit;

E. Award such other relief as the Court deems just and proper.

Dated this 16th day of January, 2026.

                              Respectfully submitted,

                              */s/ Sopen B. Shah*
                              Sopen B. Shah, Wis. Bar No. 1105013
                              sshah@perkinscoie.com
                              Jacob A. Neeley, Wis. Bar No. 1122836
                              jneeley@perkinscoie.com
                              PERKINS COIE LLP
                              33 E. Main Street, Suite 201
                              Madison, Wisconsin 53703
                              Telephone: (608) 663-7460
                              Facsimile: (608) 663-7499

                              *Attorneys for Plaintiff*
                              *Imperative Logistics LLC*

- 7 -

Case 2:26-cv-00078-BHL    Filed 01/16/26    Page 7 of 7    Document 1