UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IMPERATIVE LOGISTICS LLC,

Plaintiff,

v.

Case No. 26-cv-0078-bhl

KUBIN-NICHOLSON CORP,

Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On January 16, 2026, Plaintiff Imperative Logistics LLC (Imperative), filed a complaint alleging that Defendant Kubin-Nicholson Corp. (Kubin) failed to pay Imperative $361,851.51 for transportation logistics services provided. (ECF No. 1 ¶2.) Kubin was served on January 20, 2026, but never answered the complaint or entered an appearance. (ECF No. 3.)  On February 12, 2026, the Clerk entered default as to Kubin.  Imperative filed a motion for default judgment, supporting declarations, and invoices on March 31, 2026. (ECF No. 8.)  Imperative is now limiting its request for damages to the amount reflected in the 149 unpaid invoices attached to its motion for default judgment, $281,256.51. (ECF No. 8-1 at 1 n. 1; ECF No. 8-4.)  The Court will grant Imperative's motion for default judgment.

### FACTUAL BACKGROUND

Imperative is a limited liability company incorporated in Delaware with its principal place of business in Illinois.[1] (ECF No. 1 ¶4.) Defendant Kubin is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin.  (*Id.* ¶5.)

Imperative offers transportation services through its website.  (*Id.* ¶8.)  Starting in May 2025, Kubin began requesting and accepting transportation services using Imperative's website (*Id.* ¶9.)  Imperative provided transportation services and sent timely invoices to Kubin for

---

[1] Imperative has a single member, which is itself a limited liability company, also with a single member, which is itself another limited liability company with a single member, and that single member is a corporation incorporated in Delaware with its principal place of business in Connecticut.  (ECF No. 1 ¶4.)

payment. (*Id.* ¶¶10–11.) Each invoice includes the date of service, the type of service performed, a shipping reference number, the items shipped and their dimensions, the locations to and from which Imperative shipped items, and the amounts owed by Kubin to Imperative for the services. (*Id.* ¶12.) The invoices required Kubin to remit payment within 15 days of the date listed on the invoice. (*Id.* ¶13.) Imperative sent its last invoice in November 2024. (*Id.*) Kubin has failed to pay $361,851.51 for services provided by Imperative. (*Id.* ¶15.) On December 18, 2025, Imperative sent Kubin a demand for all outstanding invoices and requested payment by January 2, 2026. (*Id.* ¶16.) Kubin did not respond and has not paid the outstanding invoices. (*Id.*) Imperative now demands the value of 149 of the unpaid invoices, $281,256.61. (ECF No. 8-1 at 1 n.1; ECF No. 8-4.)

On January 16, 2026, Imperative filed a complaint against Kubin and served Kubin on January 20, 2026. (ECF Nos. 1 & 3.) Kubin did not file an answer or otherwise respond to the complaint. The Court entered default against Kubin on February 12, 2026. (*See* ECF No. 5.) Kubin filed its motion for default judgment, brief in support, and supporting declarations and documents on March 31, 2026. (ECF No. 8.) Imperative also filed a certificate of service showing that it served these filings on Kubin by sending a copy through certified mail, and by personal delivery to Kubin's registered agent. (ECF No. 9.)

## LEGAL STANDARD

A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (quoting *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007)). "Upon default, the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Id.* (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)).

Under Federal Rule of Civil Procedure 55(b)(2), the Court may enter a judgment by default without a hearing on damages if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

## ANALYSIS

Imperative brings four claims against Kubin, for breach of contract, unjust enrichment, breach of the covenant of good faith and fair dealing, and quantum meruit. (ECF No. 1 ¶1.) The

Court has subject matter jurisdiction over Imperative's claims because the parties are diverse and the amount at issue is over $75,000.00. *See* 28 U.S.C. §1332(a)(1).

As to liability, Imperative's complaint establishes that Kubin is liable for breaching its contract with Imperative. Imperative asserts Kubin breached its contract by failing to pay Imperative's various invoices within 15 days and further breached by failing to pay after receiving Imperative's demand letter. (ECF No. 1 ¶17–22.) Under Wisconsin Law, breach of contract requires "(1) a contract between the plaintiff and the defendant that creates obligations flowing from the defendant to the plaintiff; (2) failure of the defendant to do what it undertook to do; and (3) damages." *Brew City Redevelopment Grp., LLC. v. Ferchill Grp.*, 714 N.W.2d 582, 588 (Wis. Ct. App. 2006). Invoices, like the ones at issue here, are a "written confirmation of a request for work by one party, the performance of work by the second, and the cost of the work agreed upon." *Mid-State Contracting, Inc. v. Superior Floor Co.*, 655 N.W.2d 142, 144 (Wis. Ct. App. 2002). Accordingly, the invoices were enforceable contracts for shipping services. The complaint alleges that Kubin requested services through Imperative's website, Imperative performed those services, and Imperative sent Kubin invoices for those services, which it did not pay. (ECF No. 1 ¶¶9–16.) Imperative's factual allegations, upon which Kubin has defaulted, therefore establish a breach of contract.

Imperative's unjust enrichment claim is now irrelevant because "[u]njust enrichment is an equitable claim that cannot coexist with a breach of contract claim" under Wisconsin law. *Mohns. Inc. v. BMO Harris Bank Nat'l Ass'n*, 954 N.W.2d 339, 450 (Wis. 2021). If the parties entered into a valid, enforceable contract, then unjust enrichment cannot apply. *Id.* (citing *Cont'l Cas. Co. v. Wis. Patients Comp. Fund*, 473 N.W.2d 584, 587 (Wis. Ct. App. 1991)). And Imperative's claims for breach of the implied covenant of good faith and fair dealing and quantum meruit are immaterial, as Imperative only seeks the amount of the unpaid invoices, its damages for the breach of its contract. (*See* ECF No. 8-1 at 6–7.)

As to damages, the amount claimed by Imperative is "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323. The Court may therefore enter a judgment by default without a hearing on damages. Imperative requests damages for its breach of contract claim in the amount of $281,256.51. (*See* ECF No. 8-1 at 6–7.) Imperative has submitted the invoices sent to Kubin, which show the amount charged for each service, (ECF No. 8-4), and a declaration from James

Cygniak, the Vice President of Enterprise Sales at Imperative, establishing that these invoices remain unpaid, (ECF No. 8-3 ¶¶1, 11). This establishes the definite amount owed for the unpaid invoices.

Imperative also requests pre-judgment interest, computed at the rate of 5% per annum from the date each invoice became past due to the date of entry of judgment. (ECF No. 8-1 at 7–8 (citing *Allen & O'Hara, Inc. v. Barrett Wrecking, Inc.*, 964 F.2d 694, 696 (7th Cir. 1992)); ECF No. 8-2 ¶10.) In diversity cases, federal courts apply state law to determine the availability of and rules for computing prejudgment interest. *Allen & O'Hara, Inc.*, 964 F.2d at 695 n.3. In Wisconsin, the general rule is "that prejudgment interest is available as a matter of law on a claim which is liquidable, or fixed and determinate." *Murray v. Holiday Rambler*, 265 N.W.2d 513, 529 (Wis. 1978) (citing *Bigley v. Brandau*, 203 N.W.2d 735, 740–41 (Wis. 1973)). Here, the damages for Kubin's breach of its contracts with Imperative are determinate: the amount that Imperative charged Kubin in each of its 149 unpaid invoices. (ECF No. 8-4.) When the parties' contract does not specify a contractual rate of interest, prejudgment interest is calculated at the rate provided by statute. *Id.* at 529 (citing *Kilgust Heating Division of Wolff, Kubly & Hirsig, Inc. v. Kemp,* 235 N.W.2d 292, 295 (1975)). There does not appear to be a contractual rate of interest, and Wis.Stat. §138.04 provides that the applicable rate of interest is 5%. The Court will therefore award Imperative pre-judgment interest at a rate of 5% from the date each invoice became past due to May 8, 2026. Imperative also requests post-judgment interest. (ECF No. 8-1 at 8.) A prevailing plaintiff in federal court is automatically entitled to post-judgment interest at the rate specified by 28 U.S.C. §1961(a). *Miller v. Artistic Cleaners*, 153 F.3d 781, 785 (7th Cir. 1998) (citing 28 U.S.C. §1961(a)).

Finally, Imperative requests the costs of its suit under Federal Rule of Civil Procedure 54(d). (ECF No. 8-1 at 8–9.) Imperative incurred $650.00 in costs for its filing fee and service of process. (ECF No. 8-2 ¶12.) The Court will award Imperative its costs of $650.00.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment, ECF No. 8, is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant Kubin including damages of $281,256.51, pre-judgment interest at a rate of 5% per

annum from the date each invoice became past due through May 8, 2026, the date of this judgment, and costs in the amount of $650.00.

Dated at Milwaukee, Wisconsin on May 8, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge